IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Lisa Moore, Individually, and as Personal Representative of the Estate of Mariah Danforth-Moore, and Stephen Danforth,<br><br>        Plaintiffs,<br><br>    vs.<br><br>State Farm Mutual Automobile Insurance Company, John Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10, and Doe Entities 1-10,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 12-00385 HG-KSC |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STAYING**

**PROCEEDINGS**

Plaintiffs have filed an action for a declaratory judgment against Defendant State Farm Mutual Automobile Insurance Company. Defendant moves for dismissal to allow the previously filed action in Wisconsin state court to proceed. Both cases involve a dispute over whether decedent Mariah Danforth-Moore qualified as an "insured" under her grandfather's automobile insurance policies.

Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss is **DENIED.** The action is **STAYED** pending the

1

resolution of the Wisconsin action.

## PROCEDURAL HISTORY

On June 12, 2012, State Farm Mutual Automobile Insurance Company ("State Farm") filed a Complaint for Declaratory Judgment in the Dane County Circuit Court, State of Wisconsin ("Wisconsin Complaint"). (Doc. 10-3.) The Wisconsin Complaint lists policy holder Darryl Moore and the Estate of Mariah Danforth-Moore as Defendants.

On June 18, 2012, Lisa Moore ("Moore"), Individually, and as Personal Representative of the Estate of Mariah Danforth-Moore, and Stephen Danforth ("Danforth") filed a Complaint for Declaratory Judgment in the Circuit Court for the First Circuit, State of Hawaii. (Doc. 1-1.) The Hawaii Complaint lists State Farm as the Defendant. State Farm removed the action from state court to the Federal Court of the District of Hawaii on July 9, 2012. (Doc. 1.)

On July 13, 2012 Moore and Danforth filed a First Amended Complaint ("Hawaii Complaint"). (Doc. 5.)

On July 27, 2012 State Farm filed a Motion to Dismiss (Doc. 10.)

On September 7, 2012, Moore and Danforth filed an Opposition (Doc. 17.) A Declaration of Woodruff K. Soldner, Plaintiffs' attorney in the Hawaii action, was submitted in support of the

Opposition ("Solder Decl."). (Doc. 17-1.)

On September 21, 2012, State Farm filed a Reply. (Doc. 18.)

On October 17, 2012 the Court held a hearing on the Motion to Dismiss.

**BACKGROUND**

On November 20, 2011, Mariah Danforth-Moore ("Mariah") was struck and killed by a vehicle while crossing a highway in Kaneohe, Hawaii. (Hawaii Complaint ("Compl.") at ¶ 9.) Mariah's parents, Lisa Moore and Stephen Danforth, and her Estate seek a declaratory judgment to determine if Mariah was covered under two State Farm car insurance policies that were issued to her grandfather, Darryl Moore. Lisa Moore and Danforth also allege derivative emotional distress and consortium claims under Hawaii law.

Lisa Moore is proceeding individually, and as Personal Representative of The Estate of Mariah Danforth-Moore. She is a Wisconsin resident. (Id. at ¶ 1.) The Estate of Mariah Danforth-Moore was established in Hawaii. (Hawaii Compl. at ¶ 2.) Danforth is a Hawaii resident. (Id. at 3.)

State Farm is an Illinois insurance corporation licensed to do business in the State of Wisconsin, with its principal offices located in Bloomington, Illinois. (Wisconsin Compl. at ¶ 1.) Mariah's grandfather, Darryl Moore, is the insurance policy

holder and resides in Wisconsin.  (Id. at ¶ 3.)

Darryl Moore's two car insurance policies from State Farm covered a 2000 Toyota Sienna, policy no. 1057-764-49A, and a 2002 Saturn, policy no. 1057-763-49A.  (Wisconsin Compl. at ¶ 4.)  The policies provided underinsured motorist coverage of $100,000 per policy.  (Hawaii Compl. at ¶ 16.)

The driver of the vehicle that struck Mariah allegedly had $500,000 of bodily injury insurance coverage.  (Id. at ¶ 10.) Plaintiffs state that State Farm consented to a $500,000 policy limits settlement of their third-party claim related to the wrongful death of Mariah.  (Id. at ¶ 13.)  Plaintiffs claim State Farm owes them at least $200,000 from the underinsured motorist coverage from Darryl Moore's insurance policies. (Id. at ¶ 10.)

Mariah was an adult attending college at the University of Hawaii when she died.  Plaintiffs state Mariah's permanent residence was with her grandparents at 3173 Jonas Circle, Oneida, Wisconsin.  (Wisconsin Compl. at ¶ 2-3; See Hawaii Compl. at ¶ 7.)

According to Plaintiffs, Hawaii law provides that a family member who resides with the named insured is a "resident relative" who is entitled to benefits when injured or killed by an underinsured motorist.  (Hawaii Compl. at ¶ 12.)

State Farm alleges that Mariah was not an 'insured' under her grandfather's State Farm policies, and therefore neither her

estate nor anyone else is entitled to assert a claim against the grandfather's policies for underinsured motorist damages arising out of the accident. (Wisconsin Compl. at ¶ 7.)

## STANDARD OF REVIEW

**The Declaratory Judgment Act**

Under the Declaratory Judgment Act, United States courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998).[1]  It must fulfill statutory jurisdictional prerequisites. Id.  If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. Id.

A district court has the "unique and substantial discretion to decide whether to issue a declaratory judgment," Wilton v.

---

[1]  Plaintiff's argument that Dizol does not apply because jurisdiction is mandatory based on diversity of citizenship is incorrect.  Plaintiff filed a Complaint for a Declaratory Judgment. Defendant State Farm removed the action to this Court solely based on diversity of citizenship.  (Doc. 1).  The Ninth Circuit Court of Appeals has made clear that jurisdiction under the Declaratory Judgment Act is discretionary.  See Dizol, 133 F.3d at 1222-23.

Seven Falls Co., 515 U.S. 277, 286 (1995), but is "under no

compulsion to exercise that jurisdiction." Brillhart v. Excess

Ins. Co. of America, 316 U.S. 491, 494 (1942).  The Ninth Circuit

Court of Appeals held that the Brillhart factors outlined by the

Supreme Court "remain the philosophic touchstone" in analyzing

whether to entertain a declaratory action, and the district court

should: (1) avoid needless determination of state law issues; (2)

discourage litigants from filing declaratory actions in an

attempt to forum shop; and (3) avoid duplicative litigation.

Dizol, 133 F.3d at 1225 (citing Continental Cas. Co. v. Robsac

Industries, 947 F.2d 1367, 1371-73 (9th Cir. 1991)).  In this

analysis a court must proceed cautiously, balancing concerns of

judicial administration, comity, and fairness to the litigants.

Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.

1991) (overruled in unrelated part by Wilton, 515 U.S. at 289-

90).[2]

     If there are parallel state proceedings involving the same

issues and parties pending at the time the federal declaratory

action is filed, there is a presumption that the entire suit

should be heard in state court.  Dizol at 1225 (citing

Chamberlain, 931 F.2d at 1366-67).  As the Supreme Court

---

     [2]  In Wilton, the Supreme Court held that a court's decision
to abstain from a suit brought pursuant to the Declaratory
Judgment Act was to be reviewed for an abuse of discretion,
rather than de novo.

explained in <u>Brillhart</u>:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. 491, 495.   With <u>Brillhart</u> in mind, the Ninth Circuit Court of Appeals held that the pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief.   <u>Dizol</u>, 133 F.3d at 1225.   Nonetheless, the federal courts should generally decline to entertain reactive declaratory actions.   <u>Id.</u>

Additionally, the Ninth Circuit Court of Appeals recognized that the <u>Brillhart</u> factors are not exhaustive and suggested that district courts also consider the following factors:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; whether the use of a declaratory action will result in entanglement between the federal and state court systems; the convenience of the parties, and the availability and relative convenience of other remedies.

<u>Dizol</u>, 133 F.3d at 1225 n.5 (citation omitted).

A district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment.   <u>Wilton</u>, 515 U.S. at 288.   "[W]here the basis for declining to proceed is the pendency of a state proceeding, a

stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2.

**ANALYSIS**

**I.   THERE IS AN ACTUAL CASE OR CONTROVERSY**

This Court has subject matter jurisdiction over this case because the parties are diverse and the amount in controversy exceeds the jurisdictional minimum.  28 U.S.C. § 1332.  A dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement.  Dizol, 133 F.3d at 1223 n.2.  There is an actual controversy in the case before the Court over whether Mariah qualified as an "insured" under her grandfather's State Farm car insurance policies.

**1.   Lisa Moore and Danforth's Derivative Claims**

As an initial matter, the Court must determine whether it has discretion to decline to entertain the declaratory judgment action because the Hawaii Complaint includes additional state law claims for monetary relief.  Plaintiffs Lisa Moore and Danforth assert individual derivative emotional distress and consortium underinsured motorist claims.  (Opposition ("Opp.") at 11-12.)

8

"[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." Dizol, 133 F.3d at 1225.  An exception to the general rule exists when "the plaintiff's 'request for monetary relief is wholly dependent upon a favorable decision on its claim for declaratory relief.'"  Charter Oak Fire Ins. Co. v. Am. Home Assur. Co., C-06-2779 MMC, 2006 WL 3050863, at *3 (N.D. Cal. Oct. 25, 2006) (quoting Golden Eagle Ins. Co. v. Travelers Companies, 103 F.3d 750, 755 (9th Cir. 1996).

In Golden Eagle, the plaintiff sought a declaration of the parties' duties with regard to defending and indemnifying the insured.  103 F.3d at 755.  The plaintiff also asserted additional claims for monetary relief, namely contribution for the defendant's failure to defend the insured and indemnity.  Id. The Ninth Circuit Court of Appeals held that the district court could exercise its discretionary power over the entire action because the request for monetary relief was dependent on the declaratory relief coverage claim.  Id.

Similarly, Lisa Moore and Danforth's emotional distress and consortium underinsured motorist claims are requests for monetary relief that are dependent on whether Mariah was covered by Darryl

Moore's insurance policies.  Lisa Moore and Danforth are not entitled to monetary damages for emotional distress and consortium unless coverage is found.   The Court is not required to retain jurisdiction on the basis of Lisa Moore and Danforth's dependent claims.  See Kolstad v. Trinity Universal Ins. Co. of Kansas, 12 F. Supp. 2d 1101, 1103-04 (D. Mont. 1998).   The Court has discretion to decline jurisdiction.

## II.  THE HAWAII AND WISCONSIN ACTIONS ARE PARALLEL PROCEEDINGS

State Farm contends that because the insurance coverage issue is currently pending in the Wisconsin state court action, the Federal District Court should dismiss the action pursuant to its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  There is a presumption to decline jurisdiction "[i]f there are parallel state proceedings involving the same issues and parties pending at the same time the federal declaratory action is filed."  Dizol, 133 F.3d at 1225.

### 1. Lisa Moore and Danforth Are Not Necessary Parties to the Wisconsin Proceedings

In determining whether to exercise jurisdiction, the district court should consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, and whether such

parties are amenable to process in that proceeding.  <u>Brillhart</u>, 316 U.S. at 495.

Plaintiffs Lisa Moore and Danforth argue that the Motion to Dismiss must be denied because they are not parties in the Wisconsin Action.  (Opp. at 10.)  State Farm only sued Darryl Moore and The Estate of Mariah Danforth-Moore in the Wisconsin Action.   If the case before the Hawaii District Court is dismissed, Lisa Moore and Danforth state they will be unable to raise their derivative claims.  (Id.)

State Farm argues the Wisconsin action is a parallel proceeding because Lisa Moore and Danforth are not necessary parties to that action.  (Reply at 5.)  A necessary party[3] is defined by Federal Rule of Civil Procedure 19 as:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[3]  The 2007 amendment to Rule 19 changed the language of the rule, replacing the term "necessary" with "required."  However, the changes were intended to be stylistic only.  Fed. R. Civ. P. 19 advisory committee notes; <u>see also Republic of the Philippines v. Pimentel</u>, 553 U.S. 851 (2008).  Because the traditional terms are terms of art used by courts and commentators and because the parties have used the traditional terms in their briefs, for clarity the Court does the same here.

(I) as a practical matter impair or impede the
person's ability to protect the interest; or

(ii) leave an existing party subject to a
substantial risk of incurring double,
multiple, or otherwise inconsistent
obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

State Farm seeks a declaratory judgment against Darryl Moore
and The Estate of Mariah Danforth-Moore in the Wisconsin Action.
Under Fed. R. Civ. P. 19(a)(1)(A), Lisa Moore and Danforth are
not necessary parties because the Wisconsin state court can
accord complete declaratory relief (i.e. whether Mariah was
covered under the policies) without Lisa Moore or Danforth's
presence.  See Gemini Ins. Co. V. Cleaver Const., Inc., Cv. No.
09-00290 DAE-BMK, 2009 WL 3378593, at *3 (D. Haw. Oct. 21, 2009).

Plaintiffs Lisa Moore and Danforth argue that they are
necessary parties under Fed. R. Civ. P. 19(a)(1)(B) based on
their emotional distress and consortium claims.  (Opp. at 10-13.)
"If the court finds that the absent party is a necessary party,
the court must then determine whether joinder of the party is
feasible."  Id.; Fed. R. Civ. P. 19(a)(1).  Joinder is not
feasible if a party is not subject to service of process.  Fed.
R. Civ. P. 19(a)(1).  Plaintiffs argue that State Farm's Motion
to Dismiss must be denied because Danforth is a Hawaii resident
not subject to service of process in Wisconsin.  (Opp. at 13.)
"If joinder is not feasible, the court determines under Rule

12

19(b) whether the case can proceed without the absent party or whether the absent party is an 'indispensable' party such that the court must dismiss the action." Gemini, 2009 WL 3378593 at *3.

Under Fed. R. Civ. P. 19(b), a party is indispensable if "in equity and good conscience" the court should not allow the action to proceed in the party's absence. Id. The court should consider:  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided ; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

Lisa Moore and Danforth have not established they are necessary parties to the Wisconsin action for declaratory judgment.  See DeFeo v. Procter & Gamble Co., 831 F.Supp. 776, 779 (N.D. Cal. 1993).  Lisa Moore and Danforth's claims are dependent on a finding that Mariah was covered under Darryl Moore's car insurance policies.  Lisa Moore and Danforth are not raising claims as direct policyholders.  If, as Plaintiffs allege, Mariah is determined to have been covered under Darryl Moore's insurance polices, Lisa Moore and Danforth may intervene

13

as a matter of right in the Wisconsin action.[4]  DeFeo, 831

F.Supp. at 779.

In DeFeo, the plaintiffs, former employee DeFeo and his new

employer, filed a declaratory judgment action against his former

employer in California state court.  The action was removed to

federal court.  831 F.Supp. at 776.  Following the removal,

defendant, DeFeo's former employer, filed an injunctive action in

Ohio state court.  Both cases centered around the same issue -

whether and to what extent the former employer could enforce

contractual non-compete provisions against its former employee

DeFeo.  Id.  The Ohio action did not name DeFeo's new employer in

the lawsuit.  Id.  DeFeo and his new employer argued that the

presumption against jurisdiction should not apply because the new

employer was not a party to the Ohio lawsuit.  Id. at 779.  The

Ohio court rejected that argument and held that the only

necessary parties to the contested contract were the former

employer and former employee DeFeo.  The new employer's interests

were solely a function of DeFeo's rights under the contract.  Id.

Lisa Moore and Danforth's emotional distress and consortium

---

[4]  "[U]pon timely motion anyone shall be permitted to
intervene in an action when the movant claims an interest
relating to the property or transaction which is the subject of
the action and the movant is so situated that the disposition of
the action may as a practical matter impair or impede the
movant's ability to protect that interest, unless the movant's
interest is adequately represented by existing parties."  Wis.
Stat. Ann. § 803.09.

underinsured motorist claims are solely a function of Mariah's
rights under the insurance policies.  At this stage of the
litigation, they assert claims dependent on coverage.  Lisa Moore
and Danforth have not demonstrated that they are necessary
parties to the Wisconsin state court declaratory judgment action.
If the Wisconsin state court determines Mariah was covered under
Darryl Moore's insurance policies, Lisa Moore and Danforth have
the ability to intervene in the Wisconsin action.  These factors
weigh in favor of staying the Hawaii federal court proceedings.

### 2. The Hawaii and Wisconsin Proceedings Involve the Same Issue

Both the Hawaii and Wisconsin actions seek a declaration as
to whether Mariah was covered under her grandfather Darryl
Moore's State Farm car insurance policies.  The coverage dispute
is an actual controversy before the Court.  Lisa Moore and
Danforth's emotional distress and consortium underinsured
motorist claims are dependent on the claim for declaratory
relief.  The Wisconsin and Hawaii actions involve the same
coverage issue.

The Hawaii action and the Wisconsin action do not present
the typical parallel proceedings.  Both actions, however, address
the same coverage issue - whether Mariah was covered under her
grandfather's insurance policies.  This determination can be made

in the Wisconsin lawsuit between the insurer, State Farm, and the policy holder, Darryl Moore, and the party claiming to be insured, the Estate of Mariah Danforth-Moore.  Lisa Moore and Danforth have not demonstrated they are necessary parties to the Wisconsin action.

There is a presumption to decline jurisdiction based on the Wisconsin state court proceeding being brought to decide the same coverage issue as the Hawaii action.  <u>Dizol</u>, 133 F.3d at 1225. The Court may decline to exercise jurisdiction over claims dependant on a determination of coverage.  <u>Golden Eagle</u>, 103 F.3d at 755.  Lisa Moore and Danforth's dependent claims for emotional distress and consortium do raise a concern if coverage is found. The dependent claims favor staying the proceedings until the coverage issue is decided.


## III.   ANALYSIS UNDER BRILLHART AND DIZOL

According to the teachings of the <u>Brillhart</u> and <u>Dizol</u> cases, there are eight factors to be considered in deciding whether to entertain or to decline jurisdiction over Plaintiff's declaratory judgment action.


### 1.   Avoiding Needless Determinations of State Law

A federal district court should avoid needless determinations of state law.  <u>Continental Cas. Co. v. Robsac</u>

<u>Industries</u>, 947 F.2d 1367, 1371 (9th. Cir. 1991)(overruled in part by <u>Dizol</u> on other grounds, 133 F.3d at 1227).  Insurance law is "an area that Congress has expressly left to the states through the McCarran-Ferguson Act."  <u>Id.</u> at 1371 (citing 15 U.S.C. § 1011-12 (1988)).  Plaintiffs raised no federal issue, and where "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir."  <u>Id.</u> at 371.

Typically, a state action is filed in the same state where the federal district court resides and therefore the state's laws apply in both cases.  <u>See LensCrafters, Inc. v. Liberty Mut. Fire Ins. Co.</u>, No. C 07-2859 SBA, 2007 WL 2729411, at *6 (N.D. Cal. Sept. 18, 2007).  State Farm filed an action in Wisconsin, where the policy was issued.  Lisa Moore and Danforth filed this action in Hawaii, where the accident happened.  (Opp. at 8-10.)

The insurance coverage issue is one of state, not federal, law.  Whichever court decides the issue of coverage, a choice of law analysis will be necessary to determine which state law to apply to the insurance policies.  The first factor, avoiding needless determinations of state law issues, is neutral in the circumstances before the Hawaii federal court in determining whether to exercise jurisdiction.  The Hawaii federal court is in no better position to apply a choice of law analysis than is the Wisconsin state court.

## 2.   Discouraging Forum Shopping

Federal courts have a duty to discourage forum shopping and should generally decline to entertain reactive declaratory actions.  See Dizol, 133 F.3d at 1225.  "This factor usually is understood to favor discouraging an insurer from forum shopping, i.e., filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action."  Am. Cas. Co. of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999). These proceedings do not present the typical reactive declaratory judgment action.  The insurer, State Farm, filed a Wisconsin state court action before Plaintiffs filed the declaratory judgment action in the Hawaii federal court.

Insurers may file an anticipatory lawsuit in the forum of their choice in the face of coverage litigation in a forum they consider less advantageous to their position.  Newmont USA Ltd. v. Am. Home Assur. Co., CV-09-33-JLQ, 2009 WL 1764517 (E.D. Wash. June 21, 2009) (discussing forum shopping in the context of a motion to dismiss or transfer pursuant to the doctrine of forum non conveniens).  By instituting a declaratory judgment action as opposed to denying coverage and waiting for the insured to sue, the insurer's tactical advantage may allow it to forum shop for a court or a governing law that would be more favorable to it. ALLAN D. WINDT, INSURANCE CLAIMS & DISPUTES § 8:3 (5th Ed. 2007).

Plaintiffs allege Defendant State Farm commenced the Wisconsin Action after Plaintiffs notified State Farm of their intent to make an underinsured motorist claim. (See Soldner Decl. at ¶ 4, 6). Hawaii Plaintiffs' Attorney Soldner contends that State Farm said they would send a letter providing an explanation of the insurance coverage denial, but instead filed the Wisconsin Complaint on June 12, 2012. (Id.) On June 18, 2012, the Plaintiffs filed a Complaint in the United States District Court for the District of Hawaii. (Id. at ¶ 7). It appears State Farm filed a suit in Wisconsin state court in anticipation of Plaintiffs' claim.

The Court finds this factor to be neutral. Cf. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Simpson Mfg. Co., 829 F. Supp. 2d 914, 924 (D. Haw. 2011) (court found both parties forum shopped where plaintiff filed a declaratory action in the Hawaii federal court and defendant later filed a declaratory action in a California federal court). There is insufficient information to determine that either party acted improperly. State Farm filed the Wisconsin Complaint after Plaintiffs notified State Farm they intended to make an underinsured motorist claim. Plaintiffs filed the Hawaii Complaint after receiving service of the Wisconsin Complaint. It appears that both parties filed their declaratory actions as a means of forum shopping. Id.

A.   **The Court Rejects Plaintiffs' Forum Shopping Arguments Based on Choice of Law**

Plaintiffs argue that the "anti-forum shopping guidelines set forth in Brillhart . . . . indicate that the proper place for this case to be decided is in Hawaii and not in Wisconsin." (Opp. at 6).  In support of that statement, Plaintiffs argue that "[a]pplying the Brillhart guidelines to this case, Plaintiffs submit that the proper result is for this Court to maintain jurisdiction so that it may apply Hawaii law."  (Id. at 7).

Neither the United States Supreme Court nor the Ninth Circuit Court of Appeals have relied on an analysis of choice of law as a factor in determining whether to exercise jurisdiction under Wilton and Brillhart.  Other courts have considered the question of choice of law analysis in determining whether to exercise jurisdiction.  In Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 797 (8th Cir. 2008), the Eighth Circuit Court of Appeals rejected a party's attempt to invoke choice of law considerations in the court's analysis of whether the United States District Court for the Eastern District of Missouri should abstain from a declaratory judgment when a state court action between the same parties was pending in Illinois state court. Id. at 796-97.  The court determined that "we are not required to consider choice of law" under Wilton and Brillhart.  Id. at 797. The Eighth Circuit Court of Appeals went on to say "were we to

20

consider choice of law . . . [this] consideration[] would not
compel us to refrain from abstaining in this lawsuit.  Even if
the choice of law analysis led to choosing Missouri law, the
Illinois state court is perfectly capable of applying Missouri
state law in its case." Id. at 797.

The Court rejects Plaintiffs' argument that an analysis of
choice of law should be considered in determining whether to
exercise jurisdiction under the Declaratory Judgment Act.  Id.;
see also Axis Surplus Ins. Co. v. McCarthy/Kiewit, CIV. 10-00595
LEK, 2012 WL 112544, at *4-5 (D. Haw. Jan. 12, 2012).


### 3.    Avoiding Duplicative Litigation

"[W]here another suit involving the same parties and
presenting opportunity for ventilation of the same state law
issues is pending in state court, a district court might be
indulging in '[g]ratuitous interference' if it permitted the
federal declaratory action to proceed." Wilton, 515 U.S. at 283
(citing Brillhart, 316 U.S. at 495).  Both the Wisconsin and
Hawaii actions address whether Mariah is covered under Darryl
Moore's car insurance policies.  Accordingly, avoidance of
duplicative litigation favors dismissal or staying the case
before the Court.


### 4.    Will Declaratory Adjudication Resolve All Aspects of

the Insurance Controversy In a Single Proceeding?

The fourth prudential consideration is whether the declaratory action will settle all aspects of the case.  Dizol, 133 F.3d at 1225.  The coverage issue before the Court is whether Mariah qualified as an "insured" under her grandfather's State Farm car insurance policies.  Moore and Danforth also assert the additional derivative underinsured motorist claims.  At this point, the Wisconsin proceeding does not address Moore and Danforth's derivative claims as they are not parties to the Wisconsin action.  These considerations weigh against dismissal.

5.   Declaratory Adjudication Clarifies the Legal
     Relationship Between the Parties

The Court may consider whether "judgment will serve a useful purpose in clarifying and settling the legal relations in issue." Dizol, 133 F.3d at 1225.  The resolution of the Hawaii federal action would, by virtue of the nature of the controversy, tell the parties if the State Farm car insurance policies covered Mariah as an "insured."  Lisa Moore and Danforth only have claims against State Farm if there is coverage of Mariah.  This factor weighs in favor of exercising jurisdiction.

6. & 7. Declaratory Adjudication Has a Potential *Res Judicata* Affect on the Wisconsin Lawsuit and There Is a Risk

22

**of Entangling Federal and State Court Systems**

The Court "must balance concerns of judicial administration, comity, and fairness to the litigants.'" Chamberlain, 931 F.2d at 1367.  The interests of comity weigh in favor of abstention where a declaratory judgment could cause friction between state and federal courts.  See Hungerford, 53 F.3d at 1019 (footnote omitted).

If both this Court and the Wisconsin state court were to reach the merits of the insurance coverage issues, there would be a genuine risk of inconsistent judgments.  Axis, 2012 WL 112544, at *12.  If this Court's decision on the coverage issue came first it could have a res judicata effect on the Wisconsin proceedings.  These factors weigh in favor of staying or dismissing the proceedings.

**8.  The Convenience of the Parties, and the Availability and Relative Convenience of Other Remedies**

The final prudential consideration the Court considers in determining whether to exercise jurisdiction is "the convenience of the parties, and the availability and relative convenience of other remedies." Dizol, 133 F.3d at 1225 n.5.  State Farm chose to file where the policy was issued, Wisconsin.  The Plaintiffs seek a declaratory judgment in the United States District Court for the District of Hawaii.  If the declaratory judgment in

Hawaii proceeds, State Farm would be both the defendant in this lawsuit and the plaintiff in the Wisconsin suit.  State Farm would be inconvenienced litigating the coverage issue in Hawaii.

Plaintiff Lisa Moore resides in the State of Wisconsin. She is also personal representative of the Estate.  Moore is not inconvenienced by litigating the insurance coverage issue in the Wisconsin state court proceeding.

Plaintiff Danforth is a resident of the State of Hawaii. Danforth is not a party to the Wisconsin proceedings.  Danforth may intervene in the Wisconsin action if the state court determines Mariah was covered under Darryl Moore's policies.

Wisconsin is convenient for State Farm and Lisa Moore, but is not for Danforth.  Hawaii is inconvenient for State Farm.  The eighth factor weighs in favor of declining jurisdiction over the declaratory judgement action.


**9.  Summary of <u>Brillhart</u> and <u>Dizol</u> Considerations**

The first two factors - avoiding needless determinations of state law and preventing forum shopping - are neutral in determining whether to exercise this Court's jurisdiction.

Avoiding duplicative litigation, a potential *res judicata* affect, and a risk of entangling the federal and state court systems weigh in favor of declining jurisdiction or staying the proceedings awaiting a determination of the coverage issue by the

Wisconsin state court.  Convenience of the parties and the relative convenience of other remedies also weigh in favor of abstention or staying the proceedings.

The only factors weighing in favor of a declaratory action by this Court are that the coverage controversy would be decided in a single proceeding and it would clarify the legal relationship between the parties.  A declaratory action would provide the opportunity for Lisa Moore and Danforth to proceed on their additional claims if coverage is determined to be present.

An analysis of the Brillhart and Dizol considerations weigh in favor of staying the proceedings.


IV.  **DEFENDANT'S FIRST TO FILE ARGUMENT**

State Farm proposes that the Hawaii Complaint should be dismissed based on a "first-to-file" rule.  The "first-to-file" rule is not applicable.  The rule applies when two cases are both pending in federal district courts.  See William Schwarzer et al., Federal Civil Procedure before Trial §§ 2:4598, 10:50 (Rutter Group 2012); see also Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.").

When proceedings are pending in a state court and a federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court if the proceedings are parallel.  Id. § 10:50; Dizol, 133 F.3d at 1225.  There is a presumption to decline jurisdiction based on the parallel Wisconsin state court proceedings.

**V.    STAY OF THE DECLARATORY ACTION**

A stay of the proceedings is the preferable course of action when the basis for declining jurisdiction is the pendency of a state proceeding.  Wilton v. Seven Falls Co., 515 U.S. 277, 288 n.2 (1995).  Staying the proceedings assures that the federal action can proceed without risk of a time bar if the state case fails to resolve the matter in controversy.  Id.  The Wisconsin state proceeding provides a basis to decline jurisdiction.  At the hearing, Plaintiffs' attorney indicated that motions to dismiss are currently pending in the Wisconsin Action.  This case is stayed pending resolution of the Wisconsin state court litigation.

**CONCLUSION**

For the reasons stated above, Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss is **DENIED.**

This action is **HEREBY STAYED** pending determination of the

insurance coverage issue in the Wisconsin Action.


          IT IS SO ORDERED.

          DATED: December 17, 2012, Honolulu, Hawaii.




                                        /S/ Helen Gillmor
                        _____
                        Helen Gillmor
                        United States District Judge



Lisa Moore, individually and as Personal Representative of the
Estate of Mariah Danforth-Moore, et al. v. State Farm Mutual
Automobile  Ins.;  Civil  No.  12-00385HG-KSC;  ORDER  DENYING
DEFENDANT'S MOTION TO DISMISS AND STAYING PROCEEDINGS.